UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
DEREK ROSSER,                                  :

                                  Plaintiff,     :              17-CV-2396 (VSB)

          - against -                              :               **OPINION & ORDER**

SANOFI-AVENTIS, DR. JAMES              :
HERIVAUX, DETECTIVE PHILLIP       :
ATKINS, SHIELD # 3789, and NARCO    :
FREEDOM METHADONE CLINIC,       :

                                 Defendants.   :
------------------------------------------------------------X

Appearances:

Derek Rosser
Malone, New York
*Pro se Plaintiff*

John C. O'Brien, Jr.
Laura A. Delvecchio
Heidell, Pittoni, Murphy & Bach, LLP
New York, New York
*Counsel for Defendant Sanofi-Aventis*

Joseph R. Harbeson
Ruskin Moscou Faltischek, P.C.
Uniondale, New York
*Counsel for Defendant James Herivaux*

VERNON S. BRODERICK, United States District Judge:

       Pro se Plaintiff Derek Rosser brings this action against Defendants Sanofi-Aventis U.S. LLC ("Sanofi-Aventis"), Dr. James Herivaux, Detective Philip Atkins, and Narco Freedom Methadone Clinic ("Narco Freedom") (together, "Defendants") alleging claims for violations of

42 U.S.C. § 1983, strict products liability, and medical malpractice. Before me are the motions to dismiss of Defendants Sanofi-Aventis and Herivaux pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6), as well as Plaintiff's request to amend the Complaint to add a non-party as a defendant. For the reasons stated below, Defendant Sanofi-Aventis's motion is GRANTED, Defendant Herivaux's motion is GRANTED IN PART and DENIED IN PART, and Plaintiff's request to amend the Complaint is GRANTED.

## I.  **Background**[1]

On November 11, 2015, at 10:00 p.m., Plaintiff was charged with attempted robbery in the second degree. (Compl. 4.)[2] Prior to his arrest, Plaintiff was enrolled in a methadone program run by Defendant Narco Freedom. (*Id.*; Pl.'s Opp. 1.)[3] After Plaintiff mixed methadone with Xanax, Plaintiff was referred to a psycho-therapy center where Defendant Herivaux worked. (Compl. 4; Pl.'s Opp. 1.) Defendant Herivaux prescribed Plaintiff Zolpidem—the generic version of the drug Ambien—but did not inform Plaintiff of any adverse effects of combining Zolpidem with methadone. (Compl. 4; Pl.'s Opp. 1; Pl.'s Resp. 1.)[4] Plaintiff then boarded a train to go home, took the drugs, but cannot remember what occurred thereafter. (Compl. 4; Pl.'s Resp. 3.) At some point, Plaintiff was transported to Bellevue

---

[1] The following factual summary is drawn from the allegations of the Complaint, (Doc. 2), unless otherwise indicated, which I assume to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). I also assume as true the facts included in Plaintiff's submissions opposing the motions to dismiss, and the attachments thereto. (Docs. 27, 33.) *See Henning v. N.Y.C. Dep't of Corr.*, 14-CV-9798 (JPO), 2016 WL 297725, at *3 (S.D.N.Y. Jan. 22, 2016) ("Although this allegation appears in his opposition papers, the Court—consistent with its duty to liberally construe *pro se* pleadings—will credit Plaintiff's assertion in evaluating the sufficiency of his complaint."). My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] "Compl." refers to Plaintiff's Complaint, filed April 3, 2017. (Doc. 2.)

[3] "Pl.'s Opp." refers to Plaintiff's letter in opposition, filed August 16, 2017. (Doc. 27.) Plaintiff's letter does not contain page numbers, so my citations to it refer to the page numbers assigned by the Electronic Case Filing system.

[4] "Pl.'s Resp." refers to Plaintiff's Response to Defendant's Motion to Dismiss Petitioner's Complaint, filed September 29, 2017. (Doc. 33.) Plaintiff's Response does not contain page numbers, so my citations to it refer to the page numbers assigned by the Electronic Case Filing system.

Hospital after being beaten by Defendant Atkins and his partner. (Compl. 4.) Plaintiff claims that Defendant Herivaux's prescription resulted in Plaintiff's attempted robbery charge, to which he pleaded guilty to spare himself a lengthy prison term. (Compl. 4; Pl.'s Resp. 3.) Plaintiff has been imprisoned since November 11, 2015. (Compl. 4.) Plaintiff suffered head injuries, as well as emotional and psychological injuries, and he cannot remember any details of what occurred. (*Id.* at 5.)

Plaintiff concedes that non-party Mylan Pharmaceuticals, not Defendant Sanofi-Aventis, manufactured the drug he ingested. (Pl.'s Resp. 1.) Defendant Sanofi-Aventis manufactured Ambien, the name-brand version of Zolpidem, and pushed Ambien through the approval process of the Federal Drug Administration based on "fudged statistic[s]" concerning the adverse side effects of the drug. (*Id.* at 1.) The adverse side effects of Ambien and Zolpidem include sleep-walking and memory lapses. (*Id.* at 1–2.) More specifically, "[t]he drug has a psychotic effect which puts the user in a functional, dream-like state, without the benefits of awareness or control over one[']s actions. It causes a person to function without the benefit of memory." (*Id.* at 2.) Some "users of Ambien have episodes of violent outbursts, driving while asleep, and have even woken up to find themselves in jail." (Pl.'s Opp. 1.) In addition, "users of the drug have no memory of their actions after taking the drug." (*Id.*)

## II. Procedural History

Plaintiff filed this action on April 3, 2017. (Doc. 2.) On April 13, 2017, I entered an order of service, instructing the Clerk of Court to issue a summons as to each Defendant and deliver the necessary paperwork to the U.S. Marshal's Service to effect service upon Defendants. (Doc. 6.) Summonses were issued on April 17, 2017.

On May 11, 2017, Defendant Sanofi-Aventis filed a motion to dismiss the Complaint.

3

(Docs. 7–8.) On June 8, 2017, a Marshal's Process Receipt was filed indicating that the Marshal's Service was unable to serve Defendant Narco Freedom at the address provided. (Doc. 11.) On July 10, 2017, Marshal's Process Receipts were filed indicating that Defendants Atkins and Defendant Herivaux were served on June 30, 2017.[5] (Docs. 25–26.) On July 21, 2017, Defendant Herivaux filed a motion to dismiss the Complaint. (Docs. 18–20.)

Plaintiff filed a letter on August 16, 2017, (Doc. 27), which he later indicated was his opposition to the motions to dismiss of Defendants Sanofi-Aventis and Herivaux, (Doc. 30). Defendant Sanofi-Aventis filed a reply memorandum on September 19, 2017. (Doc. 31.) On September 29, 2017, Plaintiff filed a "Response to Defendant's Motion to Dismiss Petitioner's Complaint," which requested an opportunity to add Mylan Pharmaceuticals to this suit. (Doc. 33.) Defendant Herivaux filed his reply memorandum on October 3, 2017. (Doc. 32.) On December 14, 2017, Defendant Sanofi-Aventis filed a letter attaching a separate letter from Defendant Sanofi-Aventis, dated October 12, 2017, which was not filed on the docket. (Doc. 37.) The October 12, 2017 letter requested that I not consider Plaintiff's September 29 Response to Defendant's Motion to Dismiss, as it contained new arguments not raised in his opposition and was filed without my permission. (*Id.*)

---

[5] Defendant Atkins has been served, but has failed to appear in this action. On October 18, 2017, Plaintiff moved for a default judgment against Defendant Atkins, (Doc. 34), but because he failed to follow the appropriate procedures, I denied his motion, (Doc. 35). Plaintiff again moved for default on December 5, 2017, (Doc. 36), but I again denied the motion because he failed to follow the appropriate procedures, (Doc. 38). On March 15, 2018, Plaintiff submitted a letter inquiring as to the appropriate procedures to seek a default judgment, (Doc. 39), which I provided on March 23, 2018, (Doc. 40). To date, Plaintiff has not sought a default judgment against Defendant Atkins.

4

### III. Legal Standards

#### A. *Rule 8(a)*

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Rule 8 reflects the principle that a pleading should "give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Rule 8(a) requires more than "bare allegations, devoid of allegations of specific conduct, [which] are merely conclusory." *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 896 (S.D.N.Y. 2016), *reconsideration denied*, No. 15-cv-4244 (JGK), 2016 WL 6652733 (S.D.N.Y. Nov. 10, 2016). "Failure to comply with Rule 8(a) may result in dismissal of a complaint, even if the pleader is proceeding pro se." *Praseuth v. Werbe*, No. 95-7449, 1995 WL 746946, at *1 (S.D.N.Y. Dec. 15, 1995).

#### B. *Rule 12(b)(6)*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

Even after *Twombly* and *Iqbal*, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Further, pleadings of a pro se party should be read "to raise the strongest arguments that they suggest." *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). Consistent with the duty to liberally construe a pro se plaintiff's pleading, a court can also consider allegations contained in opposition papers. *See Henning*, 2016 WL 297725, at *3; *see also Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) (considering affidavit submitted in opposition to defendants' motion to dismiss in reviewing district court's dismissal of pro se plaintiff's claims). Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory factual allegations. *See*

*Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). In other words, "the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks omitted).

IV. **Discussion**

Plaintiff's Complaint does not state a specific legal basis for his claims. (*See generally* Compl.) However, Plaintiff completed a Prisoner's Complaint, which is a form used primarily to allege § 1983 and *Bivens* claims. Since there are no allegations in the Complaint against federal agents or employees, I construe Plaintiff's allegations as asserting claims under § 1983. (Compl. 1.) In addition, based on the documents filed in opposition to Defendants' motions, Plaintiff also alleges products liability claims against Defendant Sanofi-Aventis, (Pl.'s Opp. 1; Pl.'s Resp. 1),[6] and a medical malpractice claim against Defendant Herivaux, (Pl.'s Opp. 1).

A. *Section 1983*

Section 1983 imposes civil liability on a party who, "under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To prevail on a claim under § 1983, "a plaintiff must show that (1) defendants acted under 'color of state law' (2) to deprive him of a right, privilege, or immunity guaranteed by the Constitution or laws of the United States." *Kraft v. City of New York*, 696 F. Supp. 2d 403, 412 (S.D.N.Y. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547–48 (2d Cir. 1994)), *aff'd*, 441 F. App'x 24 (2d Cir. 2011). "In cases under § 1983, 'under color' of law has consistently been treated as the

---

[6] Defendant Sanofi-Aventis asks me not to consider Plaintiff's Response, filed September 29, 2017, because it contains new arguments not raised in Plaintiff's opposition and was filed without my permission. (Doc. 37.) However, given his pro se status, I consider Plaintiff's Response in deciding Defendants' motions.

7

same thing as the 'state action' required under the Fourteenth Amendment." *Williams v. N.Y.C. Hous. Auth.*, No. 05 Civ. 2750(DC), 2007 WL 4215876, at *5 (S.D.N.Y. Nov. 30, 2007) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). "Generally, the conduct of private persons or entities . . . does not constitute state action and therefore cannot form the basis of a Section 1983 claim." *Moritz v. Town of Warwick*, No. 15-cv-5424 (NSR), 2017 WL 4785462, at *11 (S.D.N.Y. Oct. 19, 2017) (internal quotation marks omitted).

Plaintiff has made no allegations that Defendants Sanofi-Aventis or Herivaux acted under the color of state law. Rather, it appears that his § 1983 claim is directed towards Defendant Atkins, who has not appeared in this action. To the extent Plaintiff asserts § 1983 claims against Defendants Sanofi-Aventis or Herivaux, those claims are dismissed.

### B. *Products Liability*

It appears that Plaintiff asserts strict products liability claims against Defendant Sanofi-Aventis for failure to warn and for design defects. (Pl.'s Resp. 1–2.) Plaintiff concedes that Defendant Sanofi-Aventis was not the manufacturer of the Zolpidem he claims to have taken. (Pl.'s Resp. 1–2.)

Although the New York Court of Appeals has not addressed whether a name-brand drug manufacturer may be held liable for injuries resulting from a generic drug manufacturer's equivalent products, the majority of courts to consider the issue, including at least two courts in this Circuit, have answered no to the question. *Coleson v. Janssen Pharm., Inc.*, 251 F. Supp. 3d 716, 721–22 (S.D.N.Y. 2017) ("[T]he New York authorities are consistent with the majority of other courts around the country in rejecting liability for a company that itself did not manufacture, sell, or distribute generic versions of its name-brand drug."); *Goldych v. Eli Lilly & Co.*, No. 5:04-CV-1477 (GLS/GJD), 2006 WL 2038436, at *6 (N.D.N.Y. July 19, 2006)

(holding that name-brand manufacturer had "no duty to the users of other manufacturers' products"); *see also In re Darvocet, Darvon, & Propoxyphene Prod. Liab. Litig.*, 756 F.3d 917, 949 (6th Cir. 2014) (predicting that New York Court of Appeals would hold that name-brand manufacturers "did not owe [p]laintiffs a duty that could give rise to liability"). I agree. Because, by Plaintiff's own admission, Defendant Sanofi-Aventis did not manufacture the drug that Plaintiff alleges he took, (Pl.'s Resp. 1–2), Plaintiff's product liability claims against Defendant Sanofi-Aventis are dismissed.

### C. *Medical Malpractice*

Plaintiff asserts a claim against Defendant Herivaux for medical malpractice. To prove a medical malpractice claim under New York law, a plaintiff must allege: "(1) the standard of care in the locality where the treatment occurred, (2) that the defendant breached that standard of care, and (3) that the breach of the standard was the proximate cause of the injury." *Jones v. Beth Israel Hosp.*, No. 1:17-CV-3445-GHW, 2018 WL 1779344, at *9 (S.D.N.Y. Apr. 12, 2018) (quoting *Zak v. Brookhaven Mem'l Hosp. Med. Ctr.*, 863 N.Y.S.2d 821, 822 (2d Dep't 2008)). A plaintiff must allege that the practitioner's conduct "deviated from accepted medical practice." *Flemming v. Velardi*, No. 02 Civ.4113 AKH, 2003 WL 21756108, at *3 (S.D.N.Y. July 30, 2003).

Plaintiff has adequately alleged a medical malpractice claim. First, although Plaintiff does not expressly allege the standard of care in the locality in which the treatment occurred, he alleges that he "was not informed of the adverse effects of combining Zolpidem and Methadone," (Compl. 4), and that "a patient seeing a [doctor] should be informed of the side effects of combining one controll[ed] substance with another, especially when there is a potential danger," (Pl.'s Opp. 1). Construing his allegations liberally and reading them to raise the

strongest arguments they suggest, I find that Plaintiff has adequately alleged that the relevant standard of care required Defendant Herivaux to inform him of the adverse side effects of mixing Zolpidem and methadone. *See Jones*, 2018 WL 1779344, at *10 (finding that plaintiff adequately alleged standard of care even though he did not state it expressly). Second, Plaintiff has alleged that Defendant Herivaux failed to inform him of the dangers of mixing Zolpidem and methadone, and has thus alleged that Defendant Herivaux breached the standard of care.

Finally, Plaintiff has alleged that Defendant Herivaux's failure to inform him of those dangers proximately caused his injuries. Plaintiff alleges that some "users of Ambien have episodes of violent outbursts . . . [and] have no memory of their actions after taking the drug."[7] (Pl.'s Opp. 1.) After taking Zolpidem, Plaintiff lost his memory, was beaten by police officers, and was charged with attempted robbery in the second degree. (Compl. 4.) New York Penal Law provides that "[a] person is guilty of robbery in the second degree when he forcibly steals property." N.Y. Penal Law § 160.10. Although Plaintiff does not remember what occurred after he took the drugs, (Compl. 4), he pleaded guilty to the crime, (Pl.'s Resp. 3), which at least raises a plausible inference that he attempted to use force to steal property. Plaintiff has thus raised at least a plausible inference that Defendant Herivaux's failure to inform him of the possible adverse effects of mixing Zolpidem and methadone—which include violent outbursts[8] and memory loss—was the proximate cause of Plaintiff attempting to commit a robbery and being beaten by police officers. Plaintiff's medical malpractice claim survives.

---

[7] An attachment to Plaintiff's opposition states that "Zolpidem is the active ingredient in Ambien; therefore it is the active ingredient in generic versions of Ambien as well." (Pl.'s Opp. 2.)

[8] Defendant Herivaux notes that the materials Plaintiff attaches to his opposition to support the assertion that "violent outbursts" are a side effect of Ambien/Zolpidem include a legal website soliciting potential claimants, rather than a medical source. (Doc. 32, at 1.) While that may be true, at this stage, I must accept Plaintiff's allegations as true, and consideration of the weight of any evidence must wait until a later stage.

D.   *Leave to Amend the Complaint*

Plaintiff requests leave to amend the Complaint to add non-party Mylan Pharmaceuticals as a defendant in this action. (Pl.'s Resp. 1.) Rule 15(a) of the Federal Rules of Civil Procedure provides that courts may grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). "[I]t is within the sound discretion of the court whether to grant leave to amend." *In re Alcon S'holder Litig.*, 719 F. Supp. 2d 280, 281 (S.D.N.Y. 2010) (quoting *John Hancock Mut. Life Ins. Co. v. Amerford Int' l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994)). Because Plaintiff was unaware of the manufacturer of the drug that allegedly caused his injuries, and because Plaintiff has yet to amend the Complaint, I find that it is in the interests of justice to grant Plaintiff leave to amend the Complaint to add Mylan Pharmaceuticals as a defendant.

V.   **Conclusion**

For the foregoing reasons, Defendant Sanofi-Aventis's motion to dismiss is GRANTED, Defendant Herivaux's motion to dismiss is GRANTED IN PART with respect to Plaintiff's § 1983 claim and DENIED IN PART with respect to Plaintiff's medical malpractice claim, and Plaintiff's request for leave to amend the Complaint is GRANTED. Plaintiff shall file an amended complaint within sixty (60) days of the entry of this Opinion & Order. Defendant Herivaux shall file an answer to the amended complaint within twenty-one (21) days of the filing of the amended complaint.

Further, Plaintiff shall seek a default judgment against Defendant Atkins pursuant to the procedure described in my March 23, 2018 order, (Doc. 40), within sixty (60) days of the entry of this Opinion & Order. If Plaintiff does not seek a default judgment by that time, I may dismiss his claims against Defendant Atkins for failure to prosecute.

The Clerk of Court is respectfully directed to terminate Defendant Sanofi-Aventis from

this action.  The Clerk of Court is also respectfully directed to terminate the open motions at Docket Numbers 7 and 18.  Finally, the Clerk of Court is respectfully directed to mail a copy of this Opinion & Order and my March 23, 2018 order, (Doc. 40), to the pro se Plaintiff.

SO ORDERED.

Dated: August 26, 2018
     New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge